469 A.2d 462

**Donald Anthony BROWN and Michael Anthony Whitehead**

v.

**STATE of Maryland.**

**No. 256, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Jan. 9, 1984.

Michael R. Braudes, Asst. Public Defender, with whom was Alan H. Murrell, Public Defender of Maryland on the brief, for appellants.

Gertrude C. Bartel, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Warren B. Duckett, Jr., State's Atty. for Anne Arundel County and Ronald M. Naditch, Asst. State's Atty. for Anne Arundel County on the brief, for appellee.

Submitted before MOYLAN, WEANT and GETTY, JJ.

GETTY, Judge.

This appeal is the direct consequence of what began as a stipulation between the State and counsel for each of two

defendants and ended up several light years away from the original format. We shall return to a discussion of the stipulation in due course.

Michael Anthony Whitehead and Donald Anthony Brown [1] were charged with three counts of armed robbery, one count of assault with intent to murder and related offenses.

Appellant Whitehead was convicted by a jury in the Circuit Court of Anne Arundel County of three counts of armed robbery, one count of assault with intent to rob and one count of use of a handgun in the commission of a felony. On December 6, 1982, the court imposed sentences of twenty years to run concurrently with a sentence of life imprisonment plus fifteen years imposed in an unrelated case upon a conviction of felony murder. Appellant's principal allegation of error herein relates to a motion for mistrial, denied by the court, based upon the State's introduction of evidence establishing appellant's involvement in an unrelated case. The remaining issue alleges an abuse of discretion by the trial judge in permitting a defense witness to be impeached by the introduction of a prior conviction for possession of a firearm.

## THE FACTS

On October 3, 1981, at 8:30 P.M., two armed men entered the Severna Park Liquor Mart, accosted two store employees and obtained $600.00 from a cash register. During the holdup a customer, Patricia Ashe, entered the store and one of the robbers seized her pocketbook. Mrs. Ashe pursued her assailant outside the store at which time a shot was fired in her direction. At trial, Mrs. Ashe and one of the store employees, Charles Orr, identified Whitehead as one of the robbers.

---

1. Brown elected to dismiss his appeal. The issues herein apply to appellant Whitehead.

Subsequent to the robbery of the Liquor Mart, but prior to trial therefor, Whitehead and Brown were convicted of an unrelated robbery and felony murder that occurred in Prince George's County on November 20, 1981, seven weeks after the Liquor Mart holdup.[2] Both Whitehead and Brown were apprehended as a result of the crime in Prince George's County and Brown had in his possession a handgun that was stolen during the Liquor Mart robbery.

Prior to trial, all counsel conferred with the court concerning the State's intention to establish that the gun confiscated from Brown was stolen during the Liquor Mart robbery and that Whitehead was with Brown at the time the gun was recovered. The State's concern was in avoiding a *Bruton*[3] problem by disclosing an unrelated crime. After discussing the matter, all counsel agreed to the following stipulation:

"It is stipulated between the State and between the defendants, through their counsel in this case, that if called to testify, Cpl. F.M. McQuillen of the Prince George's County Police Department would testify that he took a statement from Donald Anthony Brown, the defendant in this case ... or one of the defendants in this case ... and in that statement Mr. Brown admitted to being in possession of Exhibit 1 [the gun] on November the 20th, 1981. That at the time he was in possession of this gun, Mr. Whitehead was with him. It would be further stipulated, Your Honor, that this gun was found within close proximity of an automobile, which automobile which (sic) was abandoned in Prince George's County in

---

**2.** We reversed Whitehead's conviction in the Prince George's County case for reasons unrelated to the issues herein. *Whitehead v. State,* 54 Md.App. 428, 458 A.2d 905 (1983). Brown had pleaded guilty and received a thirty year sentence in exchange for his testimony against Whitehead.

**3.** *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

which the defendants were observed to have occupied on November the 20th, 1981."

The stipulation was offered during the State's case in chief.

In opening statement, Brown's counsel made a tactical decision to inform the jury of Brown's prior record in an effort to bolster his credibility in the present case. The jury was then told that Brown would testify "that he's been convicted of murder." No objection was made by appellant to counsel's opening statement. We note, however, that the tacit admission of a prior murder conviction carefully avoided any reference to the November 20th felony murder.

Brown testified that he had been convicted of first degree murder and armed robbery. He did not, however, state when or where the offenses occurred. He denied being a participant in the Liquor Mart robbery and stated that he purchased the gun from an unknown person on Fourteenth Street in Washington early in November, 1981. On cross-examination the following colloquy occurred:

"Q. What were you going to do with the gun on that date, Mr. Brown?

COURT: You're talking about November 20th?

STATE: That's correct.

A. Going to commit a robbery.

Q. In Prince George's County, is that correct?

A. Yes sir.

Q. Now that's the robbery and that's the murder that you've told Mr. Friedman about in the questioning, isn't it, the one that you pled guilty to?

A. Yes sir.

.    .    .    .    .

Q. Now, Mr. Whitehead was with you when you committed this armed robbery?

A. Yes.

Q. And when you committed the murder?

APPELLANT: Objection your honor.

.    .    .    .    .

COURT: I'll sustain the objection and instruct the jury to ignore the question and the answer."

At this juncture, long after the proverbial horse had left the barn, appellant made a motion for mistrial which was denied. The court, presumably, relied upon the curative instruction and the fact that the stipulation placing the appellants together on November 20th and Brown's admission that the robbery and murder occurred on that date was not objected to by Whitehead.

In *Robeson v. State*, 285 Md. 498, 403 A.2d 1221 (1979), the Court of Appeals said:

"The question to which objection was made added nothing to what had already been admitted. Thus, it did not harm the defendant beyond whatever harm may have resulted from the prior questioning."

*Robeson* is apposite herein. We are at a loss to understand why appellant failed to object when the State inquired if the murder in which Brown was involved took place on November 20, 1981. Appellant having stipulated that the two were together on that date, and that Brown had a gun, the jury was most certainly going to surmise, at the very least, if Brown answered the question, that both were involved in a separate robbery and murder. Nevertheless, appellant did not object to the first question nor to the question and answer that involved him in the robbery; he did object when Brown was asked if Whitehead was present at the time of the murder. The court, as we have noted, sustained the objection and admonished the jury to disregard the question and the answer. We point out that Brown did not respond with any answer to the question concerning the murder.

The State correctly observes that the testimony of Brown's commission of a felony and murder on November 20, 1981, was admitted without objection, permitting an inference, as the State suggests, that appellant was with Brown when the robbery and murder took place. It is with some ill grace, however, that the State advances this argument, considering that the State's cross-examination produc-

ed this testimony contrary to the stipulation limiting the disclosure of appellant's presence with Brown on November 20th to the fact that on that date Brown was in possession of a gun stolen in the Liquor Mart robbery.

■ We recognize that *Ross v. State,* 276 Md. 664, 350 A.2d 680 (1976), proscribes evidence tending to show that the accused has committed a crime independent of that for which he is on trial for the reason that such evidence is irrelevant and, therefore, inadmissible. Likewise, in *Jones v. State,* 38 Md.App. 432, 381 A.2d 317 (1978), we said if the potential for prejudice outweighs the probative value, the evidence of other crimes ought to be excluded. Neither *Ross* nor *Jones,* however, deals with evidence admitted without objection. We decline to object where the appellant has not seen fit to do so at trial. *Peisner v. State,* 236 Md. 137, 202 A.2d 585 (1964), recognizes that where evidence objected to comes in through another witness at a later time without objection, the earlier objection is deemed waived and the issue is not preserved for appellate review. Here we have the converse of the situation in *Peisner;* the rule, however, is equally applicable.

Appellant's second issue is:

Did the trial court abuse its discretion in permitting a defense witness to be impeached with a prior conviction for possession of a firearm?

■ In this case the impeachment related to one of several witnesses produced by the appellant. The jury, by its verdict, did not believe the alibi witnesses, only one of whom was impeached. If, therefore, the conviction of unlawful possession of a firearm was not admissible for impeachment purposes, the inquiry was harmless beyond a reasonable doubt.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.